UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessie De Leon, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Northern National Gas Company,<br><br>Defendant. | Case No.<br><br>**NON-PARTY MERJENT, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED BY PLAINTIFF** |

Non-Party Merjent, Inc. ("Merjent"), by and through counsel, request that the Court quash the Subpoena Duces Tecum served by Plaintiff. In support, Merjent states as follows:

This Motion arises out of a putative class action under the Fair Labor Standards Act ("FLSA") that Plaintiff Jessie De Leon filed against Northern National Gas Company ("NNG") in the Western District of Texas. Notably, and as relevant herein, Plaintiff named NNG as the defendant in that matter, alleging that NNG was his employer – despite the fact that NNG had *never* been Plaintiff's employer of record.[1]

After Plaintiff's Motion for Conditional Certification in the underlying case was denied without prejudice, Plaintiff served a *subpoena duces tecum* on Merjent, seeking extensive documents regarding Merjent's contractual relationship with NNG, as well as

---

[1] Plaintiff was employed by Gas Gathering Specialists, Inc. from July 29, 2014 to April 9, 2018. Doc. 20, ¶ 7.

confidential personnel information regarding employees of Merjent. But there is no allegation that Merjent ever employed Plaintiff or any of the opt-in plaintiffs. There also is no allegation that Merjent has ever set any of Plaintiff's (or the opt-in plaintiffs') terms and conditions of employment, including compensation. *See generally*, Plaintiff's Complaint.[2]

Under Fed. R. Civ. P. 45, non-party Merjent, Inc., a Minnesota corporation, headquartered in Minneapolis, timely moves to quash a subpoena issued by Plaintiff and served on Merjent in Minnesota. The Court should grant the Motion because Merjent has never employed Plaintiff (or any of the opt-in plaintiffs), and accordingly, none of the requested information is relevant to the claims and defenses in the instant lawsuit.

Despite this lack of relevance, Plaintiff seeks substantial confidential personnel and business information from Merjent. Additionally, information sought from Merjent regarding its business relationship with NNG could be provided by NNG, if it were relevant to the underlying litigation. Plaintiff's Second Subpoena is nothing more than a fishing expedition – with apparent hopes to add Merjent as a Defendant in the instant lawsuit in an effort to expand a putative class, that has yet to be certified.

Because the District of Minnesota is the federal district where compliance with the subpoena is required, Merjent moves this Court for an Order Quashing the Subpoena.

---

[2] Attached as Exhibits A and D to the Declaration of Kristin Parker ("Parker Dec") are true and correct copies of the Order Denying Plaintiff's Motion for Conditional Certification and Plaintiff's Complaint.

WHEREFORE, Non-Party Merjent respectfully requests this Court enter an Order quashing the Subpoena Duces Tecum served by Plaintiff, and for such other and further relief as this Court deems just and proper.

Dated:  June 14, 2021        s/ Kristin Berger Parker
Kristin Berger Parker
Timothy M. Kelley
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612)-335-1500
E-mail: kristin.parker@stinson.com
              timothy.kelley@stinson.com

**ATTORNEYS FOR NON-PARTY MERJENT, INC.**