UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSIE DE LEON, *individually and on behalf of all others similarly situated*,<br><br>  Plaintiff,<br><br>v.<br><br>NORTHERN NATIONAL GAS COMPANY,<br><br>  Defendant. | Case No. 21-mc-0042 (WMW/ECW)<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Jessie De Leon's ("Plaintiff") "Motion to Transfer Merjent's Motion to Quash (Doc. 1)" (Dkt. 27) ("Motion to Transfer") and "Non-Party Merjent, Inc.'s Motion to Quash Subpoena Duces Tecum Served by Plaintiff" (Dkt. 1) ("Motion to Quash"). Both motions are opposed. For the reasons set forth below, the Motion to Transfer is granted and the Motion to Quash is transferred to the United States District Court for the Western District of Texas.[1]

---

[1] The Court recognizes that it is not entirely settled whether a motion to transfer under Rule 45(f) is a non-dispositive or dispositive motion. *Compare In re Banc of Cal. Sec. Litig.*, No. 18-mc-00076 (WMW/KMM), 2018 WL 6566778, at *2 (D. Minn. Dec. 13, 2018) (recommending transfer of motion to quash), *with Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) ("As an initial matter, the issue of whether to transfer a motion to quash a subpoena to the court having jurisdiction over the underlying case is a non-dispositive matter.") (cleaned up). The majority of courts deciding the issue have found that the motion is non-dispositive, *see Hoog*, 338 F.R.D. at 517 (collecting cases); *Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, No. 16MC22G, 2016 WL 4267567, at *4 (W.D.N.Y. Aug. 15, 2016) (collecting cases), including because "[i]n ruling on whether to transfer subpoena-related motions, the Court is not depriving a party of a federal forum to resolve a dispute but is rather transferring the authority to resolve

## I.  BACKGROUND

This matter stems from a putative class action pursuant to the Fair Labor Standards Act ("FLSA") pending in the Western District of Texas ("Underlying Litigation"). (Dkt. 1 at 1; *see also* Dkt. 5-1, Ex. A (complaint in Underlying Litigation).) Plaintiff initiated the Underlying Litigation to recover unpaid overtime wages owed to him, and other workers alike, from his alleged employer, Northern National Gas Company ("NNG"). (Dkt. 25 at 2; *see also* Dkt. 5-1, Ex. A ¶¶ 1-4.) Merjent, Inc. ("Merjent") is not a party in the Underlying Litigation. (*See generally* Dkt. 5-1, Ex. A (complaint in Underlying Litigation).)

### A.  The Underlying Litigation

On September 29, 2020, Plaintiff moved in the Underlying Litigation for conditional certification of a putative FLSA class of "[a]ll inspectors of [NNG] who were paid a day-rate with no overtime in the past 3 years . . . ." (Dkt. 5-1, Ex. C (Plaintiff's motion and supporting brief) at 25.)[2] Plaintiff filed his motion under the standard set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which "[d]istrict courts in the Fifth Circuit ha[d] long employed . . . when considering motions for conditional certification under the Fair Labor Standards Act." (Dkt. 30-1, Ex. 1 (order denying

---

the discovery dispute to another federal court," *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-cv-01277-JAD-NJK, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015). The Court finds the reasoning set forth in *Cadence Pharmaceuticals* and *Argento* persuasive and concludes that a motion to transfer under Rule 45(f) is a non-dispositive motion.

[2]   All page number citations are to the CM/ECF pagination unless otherwise noted.

motion for conditional certification) at 2). "However, on January 12, 2021 in *Swales v. KLLM Transport Services*, the Fifth Circuit enunciated its rejection of *Lusardi*." (*Id.*) Because Plaintiff's motion for conditional certification was filed under the *Lusardi* standard, U.S. Magistrate Judge Ronald C. Griffin of the Western District of Texas denied it without prejudice on January 27, 2021 so Plaintiff could refile it when appropriate under the new procedures articulated by the Fifth Circuit in *Swales*.³ (*Id.*)

On March 17, 2021, the parties to the Underlying Litigation filed "Joint Scheduling Recommendations" in which they proposed discovery that would "focus on class wide discovery related to certification" because "*Swales* requires courts to consider whether material legal or factual similarities among the proposed class exist and whether these similarities have the potential to advance the claims, collectively, to some resolution" and "encourages courts to authorize early discovery on those facts and legal consideration." (*Id.*, Ex. 2 (Joint Scheduling Recommendations).)

Judge Griffin entered a "Preliminary Discovery Control Plan" adopting in large part the parties' Joint Scheduling Recommendations. (*Id.*, Ex. 3 (Preliminary Discovery Control Plan); *see also* Dkt. 25 at 2-3 (describing procedural history).) The Preliminary Discovery Control Plan, in part, required NNG to produce a list of vendors that provided pipeline inspectors to work on its sites from March 1, 2018, and for Plaintiff to thereafter subpoena the non-party vendors identified on NNG's list. (Dkt. 30-1, Ex. 3 ¶ 2.) NNG had agreed not to object to a subpoena in the form attached as Exhibit A to the parties'

---

³     *Swales v. KLLM Transp. Servs, L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

Joint Scheduling Recommendations.  (*Id.*)  In accordance with the Preliminary Discovery Control Plan, NNG produced a list of 16 vendors to Plaintiff, including Merjent.  (Dkt. 30-1, Ex. 5.)

Plaintiff initially attempted to serve the subpoena on Merjent's registered agent in Florida on May 19, 2021.  (Dkt. 2 at 2 ¶ 2.)  However, because Merjent is a Minnesota corporation with its headquarters in Minneapolis and due to the limited time set for Merjent's compliance, Plaintiff and Merjent agreed that Plaintiff would withdraw the subpoena and Merjent would accept service of a second subpoena on the provision that it was deemed served in the District of Minnesota.  (*Id.* at 2-5 ¶¶ 3-13.)  Accordingly, Plaintiff served a second subpoena (the subpoena at issue) on Merjent via email on June 2, 2021.  (*Id.* at 5 ¶ 13.)

**B.     Procedural History in this District**

On June 14, 2021, Merjent filed the Motion to Quash and supporting papers. (Dkts. 1-5.)  The Court set a hearing on the Motion to Quash for August 30, 2021 (Dkt. 12), and on August 23, 2021, Plaintiff filed a "Motion for Leave to Proceed without Local Counsel" (Dkt. 14) along with a "Motion to Transfer or Opposition to Merjent's Motion to Quash (Doc. 1)" and supporting papers (Dkts. 16-19).  On August 26, 2021, the Court denied Plaintiff's Motion for Leave to Proceed without Local Counsel and struck all papers filed by Plaintiff on August 23 because Plaintiff's attorneys were not admitted to practice in the District of Minnesota and because Local Rule 83.5 and Federal Rule of Civil Procedure 45(f) did not permit Plaintiff to proceed without local counsel. (Dkt. 21 at 1-4.)  The Court reset the hearing on Merjent's Motion to Quash for

September 10, 2021 and afforded Plaintiff until September 1, 2021 to retain local counsel, comply with Local Rule 83.5, and refile its Motion to Transfer and opposition to the Motion to Quash. (*Id.* at 4-5.)

On September 1, 2021, Michele Fisher of Nichols Kaster PLLP entered an appearance as local counsel for Plaintiff and filed motions seeking *pro hac vice* admission for Rochelle Prins and Richard Schreiber of Josephson Dunlap Law Firm, which the Court granted. (Dkts. 22-24, 34.) Plaintiff also re-filed his opposition to the Motion to Quash and the Motion to Transfer in conjunction with the September 1 filings. (Dkts. 25, 27.) On September 9, 2021, Ms. Fisher moved for Andrew Dunlap's *pro hac vice* admission, which the Court granted. (Dkts. 36, 38.)

On September 10, 2021, the Court held a hearing on the Motion to Transfer and Motion to Quash. (Dkt. 37.) At the hearing, Plaintiff withdrew some of his requests in his second subpoena to Merjent dated June 2, 2021, leaving only Request Numbers 7, 8, and 10 through 14 remaining. The Court thereafter took both motions under advisement. (*Id.*)

## II.  LEGAL STANDARD

A recipient of a subpoena may move "the court for the district where compliance is required [to] quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And the court where compliance is required may transfer the motion to quash to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

While Rule 45 does not define what constitutes "exceptional circumstances," the advisory committee notes to the Rule provide some guidance: "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment. The burden of showing exceptional circumstances rests on the proponent of transfer. *Id*.

### III. ANALYSIS[4]

In its supporting memorandum for the Motion to Transfer, Plaintiff argues that the Western District of Texas court in the Underlying Litigation authorized discovery to Merjent in the form of a subpoena and as a result, the Motion to Quash and Plaintiff's opposition to it should be transferred to that court, or in the alternative, denied. (Dkt. 25 at 1, 4.) Plaintiff further argues that because the Western District of Louisiana recently transferred another vendor's motion to quash to the Western District of Texas for resolution in connection with the Underlying Litigation, and because Plaintiff anticipates filing motions to compel compliance with the subpoenas, exceptional circumstances justify transfer under Rule 45(f). (Dkt. 29 at 5-6.)

Merjent does not consent to transfer and argues that in determining whether transfer is warranted, the primary focus should be on the burden such transfer will create

---

[4] Because the Court is granting the Motion to Transfer, it does not decide the Motion to Quash.

on it as a nonparty to the Underlying Litigation.  (Dkt. 35 at 1-2.)  Merjent argues that exceptional circumstances do not exist in this case because the Underlying Litigation does not involve "a complex issue, has not been pending long, and has had little activity." (*Id.* at 3.)  Merjent further argues that Judge Griffin in the Western District of Texas has not ruled on any nonparty motions such as the one before this Court, that the Preliminary Discovery Control Plan is not dispositive as Merjent did not agree to its terms, and that because Merjent is not a party to the Underlying Litigation, orders or plans entered in the Underlying Litigation are not binding on it.  (*Id.*)  Merjent contends that Plaintiff's subpoena attempts to seek a broader set of documents from it than was contemplated by the Preliminary Discovery Control Plan and that requiring Merjent to litigate the Motion to Quash in Texas would impose an undue burden on it.  (*Id.* at 4-5.)

Because Merjent does not consent to transfer, the question before the Court is whether "exceptional circumstances" exist that warrant transfer of the Motion to Quash to the Western District of Texas.  *See* Fed. R. Civ. P. 45(f).  At least one court in this District has previously considered the following factors in determining exceptional circumstances:

> (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel.

*In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-064 (ECT/ECW), 2020 WL 5988498, *4 (D. Minn. Oct. 9, 2020) (citing *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017)).

Having considered these factors, and the specific facts of this case, the Court finds exceptional circumstances warrant transferring the Motion to Quash to the Western District of Texas where the Underlying Litigation is pending. This is for several reasons.

First, the Court considers the circumstances that gave rise to the subpoena at issue. Judge Griffin in the Western District of Texas denied Plaintiff's initial motion for conditional certification due to the Fifth Circuit's decision in *Swales*. (*See* Dkt. 30-1, Ex. 1 (order denying motion for conditional certification).) In *Swales*, the Fifth Circuit set forth the following procedure for pre-certification discovery:

> a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi*, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

985 F.3d at 441.

In other words, the Fifth Circuit imposes a duty on the district court overseeing the litigation—in this case, the Western District of Texas—to determine what discovery should be authorized based on the facts and legal considerations that are material to the case. Where the Western District of Texas court has been specifically charged by *Swales* with determining the scope of and need for the "preliminary discovery" required for a conditional certification motion, it simply does not make sense for this Court to try to determine if the remaining requests in the subpoena fall within the scope of that preliminary discovery. It is the Western District of Texas court that entered the

Preliminary Discovery Control Plan that provides for Plaintiff's subpoenas (Dkt. 30-1, Ex. 3) and is in the best position to make that determination. Merjent argues that the subpoena goes beyond what the parties agreed to in the Joint Scheduling Recommendations and what was authorized by the Preliminary Discovery Control Plan. (Dkt. 35 at 4.) The Western District of Texas court is most familiar with the facts of the Underlying Litigation and is in the best position to make that determination. Further, to the extent Merjent objects on the grounds of undue burden, the Western District of Texas court is in the best position to balance the importance of the discovery sought by the remaining requests in the subpoena and its relevance in the Underlying Litigation against the burden imposed on Merjent.

Second, Plaintiff served subpoenas on other vendors identified by NNG. (*See* Dkt. 30-5, Ex. 5 (identifying vendors); Dkt. 29 at 6 (discussing subpoenas served on other vendors).) At least one district court has recognized that "[t]hese circumstances"—when substantially identical discovery is served on nonparties in different Districts— "guarantee that similar issues are likely to arise in discovery in many districts." *In re Banc of Cal. Sec. Litig.*, 2018 WL 6566778, at *2 (recommending transfer of motion to quash). Here, one of the other vendors on which Plaintiff served a subpoena has already moved to quash in the Western District of Louisiana ("Louisiana Motion"), making substantially similar arguments as Merjent makes in this matter. (*See* Dkt. 30-1, Ex. 6.) In response, Plaintiff moved to transfer the Louisiana Motion, and the Western District of Louisiana court ordered transfer for many of the same reasons this Court articulated above. (*See* Dkt. 30-1, Ex. 7.) At this point, a ruling by this Court on the Motion to

9

Quash not only potentially paves the way for inconsistent rulings based on decisions by courts in the other vendors' Districts, but it also presents the risk that this Court would decide the Motion to Quash in a manner that would be inconsistent with the Western District of Texas court's decision on the Louisiana Motion.

In its opposition to the Motion to Transfer, Merjent argues that it has been forced to litigate this issue in two jurisdictions, Florida (by identifying local counsel to file a motion to quash Plaintiff's first subpoena in Florida) and Minnesota, and that litigating the issue in Texas would require it to incur additional expense and time, as well as the additional expense of being required to comply with the local rules in the Western District of Texas.  (Dkt. 35 at 5.)  However, the Motion to Quash is now fully briefed (*see* Dkts. 1-5, 25-26), and the Court sees no reason why (nor has Merjent presented any) additional briefing would be required as a result of the transfer.  Further, Merjent's concerns about the burden imposed by another hearing are somewhat alleviated by Rule 45(f)'s language allowing "the attorney for a person subject to a subpoena [that] is authorized to practice in the court where the motion was made, [to] file papers and appear on the motion as an officer of the issuing court."  Fed. R. Civ. P. 45(f).  Additionally, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending."  Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment.  Even without that provision in Rule 45(f), Plaintiff's counsel informed the Court at the September 10 hearing that all of his hearings before Judge Griffin have been held by videoconference since March 2020

10

(presumably due to the Covid-19 pandemic). To the extent Merjent raises other concerns regarding burden, they are better decided by the court overseeing the Underlying Litigation and the court that authorized service of subpoenas on vendors, including Merjent, consistent with the Fifth Circuit's direction in *Swales*.

In sum, transfer of the Motion to Quash is "'warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes,'" *In re Syngenta*, 2020 WL 5988498, at *4 (quoting *In re Niaspan Antitrust Litig.*, Civ. No. JKB-15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015)), and to avoid disruption of "the issuing court's management of the [U]nderlying [L]itigation," Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment; *see also In re Banc of Cal. Sec. Litig.*, 2018 WL 6566778, at *2 ("[B]ecause one such dispute has already been transferred . . . that court will rule on the same issues that are now presented by this motion. Therefore, it is clear that failing to transfer this motion may disrupt the issuing court's management of the case."). These concerns are particularly important in view of the directive in *Swales* that the district court tailor preliminary discovery based on the facts and legal considerations of the specific case. Accordingly, this Court finds that exceptional circumstances warrant transfer of the Motion to Quash.

## IV.    ORDER

For the reasons stated above, and based upon all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.    Plaintiff's Motion to Transfer Merjent's Motion to Quash (Doc. 1) (Dkt. 27) is **GRANTED**;

2. Non-Party Merjent, Inc.'s Motion to Quash Subpoena Duces Tecum Served by Plaintiff (Dkt. 1) is transferred and remitted to the United States District Court for the Western District of Texas for disposition in connection with the Underlying Litigation; and

3. Upon transfer, the Clerk of Court is directed to close this case in this court.

DATED: September 29, 2021                             *s/Elizabeth Cowan Wright*
                                                                                 ELIZABETH COWAN WRIGHT
                                                                                 United States Magistrate Judge